**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ROLLY O. KINNELL,**

**Plaintiff,**

**v.** **CASE NO. 07-3241-SAC**

**BILL CLINTON,**
**et al.,**

**Defendants.**

**O R D E R**

This civil complaint was filed by an inmate of the Lansing Correctional Facility, Lansing, Kansas. Named as defendants are numerous state, federal, and judicial officials, a few of whom are deceased or no longer in office, including "all members of Congress." Plaintiff claims (1) that Congress, then-President Bill Clinton, and others conspired to stop indigent prisoners from having access to all federal courts by signing the PLRA into law in 1996, and the conspiracy to deny access has been perpetuated by President Bush and others. Plaintiff cites the three-strikes provision of the PLRA in particular, 28 U.S.C. 1915(g), and asserts it denies due process and equal protection.

Plaintiff additionally complains that (2) prisons are not allowing access to court when postage and copying debt exceeds $50.00, (3) inmates may be civilly committed to Larned Correctional Mental Health Facility and medicated by force without a showing that the inmate is a danger to himself or others, (4) he has been classified as insane without sufficient evidence, when he is only disabled and has been in trouble all his life due to "antisocial mentality," and (5) his disability benefits were wrongfully

terminated by SRS upon his incarceration[1]. The court notes plaintiff does not allege facts in support of these claims, and does not describe the personal participation of each defendant in the actions. Moreover, some defendants are absolutely immune to suit for money damages.

Plaintiff also complains that (6) he is being illegally "imprisoned[2] upon misdemeanor" based on a state criminal statute, which he alleges is unconstitutionally vague; (7) a conspiracy exists in connection with his conviction in state court and unsuccessful attempts to have it overturned, and (8) the Kansas Department of Corrections (KDOC) and prisons are not abiding by Wolff v. McDonnell.

Plaintiff asserts jurisdiction under numerous statutes including 28 U.S.C. §1331 and 42 U.S.C. § 1983. He seeks declaratory judgment, injunctive relief including repeal and prevention of enforcement of 28 U.S.C. § 1915(g), impeachment of Presidents Clinton and Bush, money damages, social security benefits, a writ "of coram nobis upon state appellate courts" for alleged errors that denied him a fair trial, and a new trial.

**IN FORMA PAUPERIS MOTION**

Plaintiff has submitted a Motion to Proceed Without Prepayment of Fees (Doc. 2). Section 1915(g) of 28 U.S.C. of the Prison

---

[1] Plaintiff states this is a class action for benefits denied since 1998. However, plaintiff does not move for class certification, and does not present any of the requisites for such certification.

[2] Plaintiff rehashes several challenges to his state conviction from prior actions including illegal search, ineffective assistance of counsel, defective information, objectionable jury instructions, and denial of fair trial.

Litigation Reform Act, effective April 26, 1996, challenged herein by plaintiff, pertinently provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id. Mr. Kinnell has previously been designated a three-strikes litigant under Section 1915(g). The three-strikes provision has withstood challenges to its constitutionality by Mr. Kinnell and others[3]. Federal court records reflect that Mr. Kinnell has filed at least three cases in this court which were dismissed for failure to state a claim for relief or as legally frivolous[4]. He is therefore required to "pay up front for the privilege of filing . . . any additional civil actions," unless he can show "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); Jennings v. Natrona County Detention Center, 175 F.3d 775, 778 (10th Cir. 1999).

This court has carefully reviewed the complaint and other

---

[3] The three strikes provision does not prevent prisoners with three strikes from filing civil actions, it merely prohibits them the privilege of in forma pauperis status. Jennings, 175 F.3d 775, 778 (10th Cir. 1999).

[4] The cases identified as the basis of this designation are Kinnell v. Ft. Scott Police Dept., No. 95-3301 (D.Kan. Sept. 6, 1995)(frivolous challenge to state protective custody and civil commitment statutes dismissed for failure to state a claim for relief); Kinnell v. DOJ, No. 98-3008 (D.Kan. Mar. 13, 1998)(Claims on behalf of all prisoners convicted of drug offenses dismissed for failure to state a claim for relief); and Kinnell v. Stovall, No. 98-3098 (D.Kan. Apr. 16, 1998)(Claim for assorted medical criminal records dismissed for failure to state a claim for relief). The Tenth Circuit Court of Appeals has cited the following cases as "prior occasions:" (1) Kinnell v. Stephan, No. 92-3066 (10th Cir. Oct. 19, 1992); (2) Kinnell v. Connally, No. 91-3148 (10th Cir. Oct. 8, 1991); Kinnell v. Hutches, 91-3293 (10th Cir. Apr. 29, 1992). That court also noted they had imposed filing restrictions on Mr. Kinnell citing Kinnell v. Sec. Veteran's Affairs, No. 99-3097 (10th Cir. July 16, 1999)(directing clerk's office to return any further filings which Mr. Kinnell attempts to make "in civil matters," unless fee paid or credible allegation of "imminent danger.").

pleadings filed by Mr. Kinnell and finds that none of the facts alleged suggest that he is in imminent danger of serious physical injury. Accordingly, Mr. Kinnell may proceed in this action only if he pays the fee for filing this civil complaint of $350.00.

**HABEAS CORPUS CLAIMS**

Moreover, several of plaintiff's allegations appear to be challenges to his state conviction, and thus are in the nature of habeas corpus claims. However, the court declines to construe any portion of this action as a petition under 28 U.S.C. § 2254 and review petitioner's habeas claims herein because such claims would clearly be "second and successive."

Under 28 U.S.C. § 2244(b)(3)(A), a second or successive petition for habeas corpus may be filed in the district court only if the applicant first obtains an order from the appropriate federal court of appeals authorizing the federal district court to consider the petition[5]. Id. Mr. Kinnell has filed prior actions under

[5]Section 2244(b) strictly limits the filing of second or successive § 2254 habeas petitions:

(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(1), (2).

Section 2254, which were denied based upon failure to exhaust, and ultimately, upon the merits. He has been previously informed that he may not file a second or successive habeas corpus petition unless and until he has obtained authorization from the Tenth Circuit Court of Appeals[6]. Petitioner makes no showing that he has sought such authorization. Ordinarily a second or successive application for habeas corpus relief, which includes no indication that petitioner has obtained the necessary authorization from the Tenth Circuit, is transferred by this court to the Court of Appeals for a determination as to whether or not the habeas action may proceed. This court declines to transmit this action to the Circuit Court for approval because it was intentionally not styled as a habeas corpus petition, and is a hybrid action.

Instead, the court finds Mr. Kinnell's allegations, which amount to challenges to his confinement or state conviction, are claims in the nature of habeas corpus not cognizable in this civil action for damages, declaratory, and injunctive relief. Furthermore, despite his statement to the contrary, plaintiff's claims challenging his conviction are barred unless and until his

---

The Tenth Circuit Court may authorize the filing of a second or successive § 2254 petition "only if it determines that the application makes a prima facie showing that the application satisfies the requirements of" § 2244(b)(1) and (2). 28 U.S.C. § 2244(b)(3)(C).

[6] In order to receive authorization to file a successive petition,

> [A]n applicant must make a prima facie showing that he satisfies the criteria in § 2244(b)(2). . . . That is he must show that: (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(B). Spitznas v. Boone, 464 F.3d 1213, 1227 (10th Cir. 2006).

conviction has been invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994); Roth v. Green, 466 F.3d 1179, 1189-90 (10th Cir. 2006), cert. denied, 2007 WL 1406376 (Oct. 1, 2007). In sum, plaintiff's habeas claims are not properly raised in this civil action, and this action may not proceed further on his non-habeas claims until he has paid the filing fee in full.

**MOTIONS**

Plaintiff's motions to amend complaint (Docs. 7 & 8), which are to delete and add jurisdictional citations, are granted. Plaintiff's Motion for Leave to file Article III (Doc. 3) and his Motion for writ of coram nobis (Doc. 4) are denied as without factual or legal basis. Plaintiff's Motion to Appoint Counsel (Doc. 6) is denied, without prejudice, because plaintiff is not entitled to appointment of counsel in a civil action, and he has not yet satisfied the filing fee requirement.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's application for leave to proceed without prepayment of fees (Doc. 2) is denied; he is granted thirty (30) days in which to submit the $350.00 filing fee; and failure to pay the full filing fee within that time will result in the dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motions to amend complaint (Docs. 7 & 8) are granted; plaintiff's Motion for Leave to file Article III (Doc. 3) is denied; plaintiff's Motion for writ of coram nobis (Doc. 4) is denied; and plaintiff's Motion to Appoint Counsel (Doc. 6) is denied, without prejudice.

**IT IS SO ORDERED.**

Dated this 23rd day of October, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge