```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**ROLLY O. KINNELL,**
                    **Plaintiff,**

          **v.**                      **CASE NO.  07-3241-SAC**

**BILL CLINTON,**
**et al.,**

                    **Defendants.**

### O R D E R

Pending in this case are plaintiff's Motion to add defendant and claims (Doc. 15), and Notice of Interlocutory Appeal (Doc. 13) as to this court's Order denying plaintiff's application for leave to proceed without prepayment of fees (Doc. 9) and Order denying motions (Doc. 12).  The court finds as follows.

This court has no jurisdiction to rule upon plaintiff's Motion to add defendant and claims (Doc. 15), because an interlocutory appeal has been filed and jurisdiction now lies with the Court of Appeals.

With respect to plaintiff's Notice of Interlocutory Appeal, the court notes plaintiff was not permitted to proceed without prepayment of fees in the district court, and thus may not automatically proceed on appeal without prepayment of the appellate fees of $455.00 pursuant to FRAP Rule 24(a)(3).  He has filed no motion to proceed on appeal without prepayment of fees; however, such a motion would presumably also be denied under 28 U.S.C. §

1915(g).

Assuming this court's order denying plaintiff's motions (Doc. 12) and this court's order denying plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 9) are appealable orders[1], the court finds the appeal is not taken in good faith for the reason that plaintiff does not state a convincing legal or factual basis for the appeal.

**IT IS THEREFORE ORDERED** that the court certifies the appeal is not taken in good faith.

**IT IS SO ORDERED.**

Dated this 16th day of January, 2008, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge

---

[1] The Tenth Circuit Court of Appeals has recognized in an unpublished opinion that "the denial of leave to proceed IFP is itself . . . a final, appealable order" over which the Circuit Court has jurisidiction. <u>Fuller v. Myers</u>, 123 Fed.Appx. 365, **1 (10th Cir. 2005), *citing* <u>Roberts v. United States Dist. Ct.</u>, 339 U.S. 844 (1950) (per curiam).