IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ROLLY O. KINNELL,

                    Plaintiff,

           v.                        CASE NO.  07-3241-SAC

BILL CLINTON,
et al.,

                    Defendants.

### O R D E R

On October 23, 2007, the court entered an Order in this civil action denying plaintiff's application for leave to proceed without prepayment of fees because he had previously been designated a three-strikes litigant pursuant 28 U.S.C. § 1915(g); and giving him time to submit the filing fee in full or suffer dismissal of this action.  Plaintiff filed an interlocutory appeal, which was dismissed for failure to pay the appellate filing fee. He ultimately also failed to pay the district court filing fee as ordered herein.  As a consequence, this action was dismissed on February 12, 2008.

The court has received a document from plaintiff having this case caption at the top with a question mark by the case number. The document is entitled "Plaintiff Files for Leave of Court to Present Reasons Why this Court Lacks Jurisdiction upon Enforcement of 28 U.S.C. § 1915(g)."  However, in the body of the document, plaintiff refers to his closed cases Nos. 95-3301, 98-3112, 98-

3098, the "DOJ," the Commerce Clause, and credit card debt.  He
also mentions a Tenth Circuit case number, and "the 1991, 92
cases."  The statements in the motion are generally incoherent, but
may be an attempt to challenge the use of 28 U.S.C. § 1915(g) in
some of his cases on some sort of statute of limitations ground.
The court finds it is not clear from this document if it is a
motion or even to which of plaintiff's closed cases it actually
pertains.  However, since it has this case's caption at the top it
will be ordered filed herein only, and considered herein only[1].

Mr. Kinnell has previously challenged the dismissal of his
civil cases under 28 U.S.C. § 1915(g), and the constitutionality of
that statute.  He has also appealed adverse decisions on these
issues.  Assuming this submission is intended as a post-judgment
motion, it must be construed as one under FRCP Rule 60(b),[2] and
denied because it raises arguments that were made or could have
been made before the case was dismissed.

Moreover, plaintiff may not do by post-conviction motion what
he should have done by appeal.  Mr. Kinnell filed an interlocutory
appeal, but failed to prosecute it; and did not timely appeal the
judgment dismissing this action.  Accordingly, if this is a motion

---

[1]
Plaintiff has previously been directed by this court as well as the Tenth
Circuit to file motions in one case only.  If he wishes to file a motion in
another case, he must file a separate motion in that case with the caption and
number of that case only at the top.  He may not challenge rulings in other
separate cases, by filing motions in this case.

[2]
This document was not submitted in time to be a motion under FRCP 59, or
to toll the time for filing an appeal.

for post-judgment relief, it must be denied.  If it is something other than a post-judgment motion in this case, it cannot be discerned from its content what other proper motion it might be.

**IT IS THEREFORE ORDERED** that the document received from plaintiff described herein be filed as plaintiff's "Motion for Relief from Judgment" as of April 30, 2008, when it was received by the court.

**IT IS FURTHER ORDERED** that plaintiff's "Motion for Relief from Judgment" (Doc. 27) is denied.

**IT IS SO ORDERED**.

Dated this 11th day of July, 2008, at Topeka, Kansas.



s/Sam A. Crow
U. S. Senior District Judge