**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ROLLY O. KINNELL,**

**Plaintiff,**

**v.** **CASE NO. 07-3241-SAC**

**BILL CLINTON,
et al.,**

**Defendants.**

**<u>O R D E R</u>**

Plaintiff's motion to proceed in forma pauperis (IFP) in this action was denied pursuant to 28 U.S.C. § 1915(g) due to his long-established status as a three-strikes litigant. On February 12, 2008, this action was dismissed as a consequence of plaintiff's failure to prepay the filing fee as ordered. Although Mr. Kinnell attempted to file an "interlocutory appeal" following the order denying his IFP motion[1], he did not appeal the order dismissing this case.

Mr. Kinnell has now submitted several post-judgment documents for filing herein[2]. However, as noted, he never satisfied the

---

[1] The Tenth Circuit Court of Appeals found it "questionable whether appellate jurisdiction exists" since "the order being appealed does not fully dispose of the case." They dismissed the "attempted appeal" because "Mr. Kinnell has not complied with the court's directives." <u>Kinnell v. Clinton</u>, Case No. 07-3330 (10th Cir., Nov. 14, 2007)(Doc. 22).

[2] Mr. Kinnell has submitted six sets of documents, which are broadly construed as post-judgment motions. His allegations appearing in these papers may be categorized as: (1) challenges to § 1915(g) and actions against persons who either promulgated or applied this statute; (2) challenges to his 1977 state court conviction and persons involved; (3) challenges to decisions regarding his veterans and disability benefits and rulings in other unrelated, closed cases; (4) claims against judges and court personnel based upon actions taken in his cases; (5) affidavits and claims against judges hearing his cases, particularly the undersigned judge; and (6) purported amendments adding parties and/or claims.

statutory filing fee prerequisite set forth in 28 U.S.C. § 1914[3].
See Jarrett v. US Sprint Communications Co., 22 F.3d 256, 261 (10th
Cir. 1994)("The filing fee requirement . . . is established by
Congress as a prerequisite to a civil action and must be complied
with, absent the granting of IFP status."). It is therefore
questionable that any motion may be filed in this aborted case, and
unquestionable that the grounds for any such motion are severely
circumscribed.

To the extent Mr. Kinnell may be asking the court to reconsider
its order denying his motion for leave to proceed IFP, his current
motions are construed as ones to reconsider a non-dispositive order.
As such, the motions are governed by D.Kan. Rule 7.3(b). Under
7.3(b), a motion seeking reconsideration of a non-dispositive order
must be filed within ten days of the order. The motions currently
before the court were filed months after the court's October 23,
2007, order denying plaintiff's IFP motion. Accordingly, this
aspect in any of plaintiff's current "motions" is denied as
untimely. See, e.g., Welch v. Centex Home Equity Co., L.L.C., 224
F.R.D. 490 (D.Kan. 2004)(denying as untimely a motion to reconsider
a nondispositive ruling that was filed after Rule 7.3(b)'s ten-day
time limit had expired). The court finds that plaintiff's
challenges to § 1915(g) are challenges to the court's order denying

---

[3]     28 U.S.C. § 1914(a) pertinently provides: "The clerk of each district
court shall require the parties instituting any civil action, suit or proceeding
in such court . . . to pay a filing fee of $350, except that on application for
a writ of habeas corpus the filing fee shall be $5." "Payment of the docket fee,
or a proper grant of forma pauperis status, is a precondition to . . .
litigation." See Sloan v. Lesza, 181 F.3d 857, 858 (7th Cir. 1999). Furthermore,
the entire filing fee remains owing. See Lewis v. Sullivan, 279 F.3d 526, 528-29
(7th Cir. 2000).

his IFP motion, which were not timely filed[4].

To the extent Mr. Kinnell is seeking relief from the court's judgment disposing of this case, his current motions must challenge the ground for the dismissal order, which was plaintiff's failure to pay the filing fee. See Andrews v. Cervantes, 493 F.3d 1047, 1054 (9th Cir. 2007)(Until the "fee barrier" is overcome, the merits of the cause of action itself are not available for consideration and decision.). Moreover, any post-judgment motion is further circumscribed by the federal and local rules and case law interpreting those rules as well as the fact that Kinnell failed to appeal this order.

A party must seek reconsideration of a dispositive order pursuant to Fed.R.Civ.P. 59(e) or 60. D. Kan. Rule 7.3(a). A motion for reconsideration of a dispositive order filed within 10 days of the final judgment is treated as a motion to alter or amend

---

[4] Kinnell challenges the use of cases as "strikes" that were closed prior to passage of the Prisoner Litigation Reform Act (or older than four years(Doc. 30)). This challenge has been rejected by the Tenth Circuit in precedent binding upon this court. Green v. Nottingham, 90 F.3d 415, 419 (10th Cir. 1996)(Congress intended § 1915(g) to apply to prisoner actions dismissed prior to its enactment.); see also Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997)(Because § 1915(g) is a procedural rule that does not raise retroactivity concerns, cases that were dismissed before the effective date of § 1915(g), i.e., April 26, 1996, may be counted as qualifying dismissals or "strikes."); Lewis v. Sullivan, 279 F.3d 526, (7th Cir. 2000). The court takes judicial notice of plaintiff's numerous other federal cases and notes that his status as a three-strikes litigant was not initially determined herein, but was established years ago in prior cases. Thus, he either did or should have challenged the designation of any particular case as a "strike" and him as a three-strikes litigant in the cases where those designations were initially made. See Jennings v. Natrona County Detention Center Medical, 175 F.3d 775, 780 (10th Cir. 1999). In any event, Kinnell does not deny that he is a prisoner or that he on three or more occasions has brought an action or appeal in federal court that was dismissed as frivolous or for failure to state a claim. Nor does he make any factual allegation that he "is under imminent danger of serious physical harm" so as to fall within the single statutory exception to § 1915(g). Dubuc v. Johnson, 314 F.3d 1205, 1208-09 (10th Cir. 2003). The court notes Kinnell's other challenges to § 1915(g) have been previously raised by him and others and soundly rejected. See e.g., Kinnell v. Graves, 265 F.3d 1125, 1128 (10th Cir. 2001); see also White v. Colorado, 157 F.3d 1226, 1232-33 (10th Cir. 1998), cert. denied, 526 U.S. 1008 (1999)(No violation of access to court or equal protection); Dubuc, 314 F.3d at 1209 (There is no question that § 1915(g) is constitutional.).

judgment under Rule 59(e); if filed after that time, it falls under Rule 60(b). Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 FN 3 (10th Cir. 2002). Because the instant motions were not filed within ten days of the judgment, Kinnell's "only plausible" basis for relief is Rule 60(b). "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances." Van Skiver v. U.S., 952 F.2d 1241, 1243-44 (10th Cir. 1991)(citing Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990). "A litigant shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment[5]." Id. at 1244.

The court has carefully considered this latest batch of papers[6]

---

[5] Rule 60(b) provides in pertinent part that the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60 (b).

[6] Document 30 challenges use of cases older than four years as "strikes."

Document 33 has no title, and the caption differs from the complaint in that plaintiff omits and adds a few defendants, including the undersigned judge. Herein, he states there "is a cause to amend the complaint" and seeks to add "facts" to "show Sam Crow is liable upon his not having jurisdiction to deny this plaintiff to name him as a defendant." He also alleges members of Congress denied him "access to court when they weren't authorized to delegate judicial rule regulation." Otherwise, this "motion" contains numerous unexplained citations, and is generally unintelligible.

Document 34 is entitled "Motion for Leave to Amend and to (Compel)(Chief Judge) to Assign to Article III Judge Court upon Demand for Jury Trial on All Issues Before the Court." Again, the defendants are changed, and Kinnell states the complaint "as amended" includes "principal co-conspirator" Clarence Thomas. He alleges "this is upon two [Rule 60(b)(3)(4)] on file in this court not ruled on" challenging § 1915(g) as ex post facto, a bill of attainder, impermissibly expanding Article III judicial authority without notice and due process, resulting from fraudulent acts of Congress to discriminate against indigent pro se litigation, and non-compliant with reporting requirements. He argues he must be allowed to challenge 1915(g) in a Bivens action, and that defendant federal

submitted post-judgment by Mr. Kinnell. The allegations made by Mr. Kinnell in these papers do not present any "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." His repeated allegations of fraud and void actions or orders are not supported by any facts or convincing legal argument or authority. Nor do Kinnell's allegations "involve the type of rare, unanticipated circumstances contemplated by Rule 60(b)(6) such that enforcement of the court's prior order would be inequitable." Welch, 224 F.R.D. at 496-97. Accordingly, the court concludes that plaintiff is entitled to no relief under Rule 60(b).

---

government employees are not immune. He also complains of being denied stays of state court proceedings and actions by clerks of the U.S. Supreme Court in other cases; alleged torture through forced medication; and of denial of disability and social security benefits. He claims "right to have habeas corpus judgment held to be void," and repeats claims from his prior habeas cases challenging his 1997 conviction including he was not allowed to "be employed as legal counsel to (him)self", defendant Judge Smith is "liable" for assisting the prosecution and acting without jurisdiction, and no felony was committed. He makes spurious remarks about federal judges who have ruled in his past cases, and states that "all Crow orders are void." He seeks declaratory judgment and a jury trial on all issues.

On February 2, 2009, the court received papers titled "Plaintiff Files Upon Questions of Judicial Liability and Present Prayed for Relief." They were referred by the clerk for a decision as to how they should be docketed. In the body, Kinnell names Judge Smith and repeats claims that his rights were denied during his state conviction. He also claims the undersigned judge hindered his access and "deliberately withheld" justice by fraud, violation of law, and criminal acts. He seeks daily compensation since 1998 from members of Congress and the undersigned judge, and injunctive relief against district and Circuit Court clerks and justices, whom he claims have denied him access. Upon this court's review, the clerk was directed to docket these papers as a "Post-judgment Motion".

A few days later, more papers not styled as motions were received from plaintiff. One is called an affidavit, and the other seeks "leave to present common question." Upon this court's review, the clerk was directed to docket these papers as a "Post-judgment Motion". In the affidavit, plaintiff claims the undersigned judge is a defendant herein and conspired with the government's attorney in one of his 1998 lawsuits (Case No. 98-3112), which was dismissed for lack of jurisdiction. He rehashes arguments previously made in that case. In the other document, he refers to the same 1998 case, rehashes arguments, and seeks to have that closed case consolidated with this one.

Finally, plaintiff filed "Motion for Leave to Substitute Judge Sam Crow Under Civ.Proc. Rule 63 Inability to Proceed" (Doc. 35). In the body, he alleges it is "upon affidavit of prejudice against Sam Crow" under Rule 60(b)(3)(4)(6) of "deliberate fraud to bring challenge" of § 1915(g), that the undersigned is "unfit to proceed any further in this matter," is named as a defendant, is not immune, and is in conspiracy with Justice Thomas and Congress to deprive Kinnell of access to the courts under § 1915(g).

In his instant motions, Mr. Kinnell argues that his claims in this case, including assertions that § 1915(g) is invalid and unconstitutional, are meritorious and he must be permitted to raise them under Bivens. The merits of Kinnell's underlying claims are irrelevant to a determination whether this action was properly dismissed for failure to pay the filing fee. See Bishop v. Sargent Dischner, 16 Fed.Appx. 891, **2 (10th cir. 2001), cert. denied, 534 U.S. 1086 (2002). None of the post-judgment materials submitted by Kinnell bear on his statutory obligation to pay the full district court filing fee to proceed in this matter.

The remainder of Mr. Kinnell's "grounds" for post-judgment relief are nothing but attempts to reargue claims he lost in other cases[7]. Under no circumstances, are claims rejected in plaintiff's prior, unrelated cases proper grounds for post-judgment relief in this case.

The court notes that no proper amendment was filed adding the undersigned judge as a defendant in this case, and plaintiff's contrary allegations are simply incorrect. While this action was pending, Kinnell amended his complaint once as of right to change statutory authority. However, subsequent amendments required leave of court, Fed.R.Civ.P. 15(a), and only one more amendment was allowed. His later attempts to amend prior to judgment without

---

[7] For example, plaintiff's claims regarding social security and veterans benefits were rejected in prior civil actions, and on appeal in those actions. They provide no basis for any post-judgment relief in this action, and his repeated argument of these claims is abusive. Mr. Kinnell has been repeatedly advised that revisiting issues already addressed "is not the purpose of a motion to reconsider," and "advanc[ing] new arguments or supporting facts which were otherwise available for presentation" when the action was briefed is likewise inappropriate. See Van Skiver, 952 F.2d at 1241.

following the local and federal rules were denied[8].  Furthermore,
Mr. Kinnell's filing in this closed case of purported amendments[9],
motions to recuse[10] or reassign, and demands for a jury trial and
money damages are ineffectual.  Unless and until the case has been
reopened, no motion other than a motion for relief from judgment is
appropriate.

As Kinnell was long ago advised by the Tenth Circuit, he may
not have the merits of his claims denied in other cases re-examined
under res judicata principles.  Similarly, all Kinnell's challenges
to his 1977 conviction, that were exhausted in state court, have
been raised and soundly rejected in federal court.  He has been
repeatedly informed that these claims are only properly raised in a
habeas corpus petition, and that he has had his "one shot" at
federal habeas review.  He does not comply with federal law
requiring that he obtain prior authorization from the Tenth Circuit

---

[8]     Pro se litigants must follow the same procedural rules as other
litigants.  See Hughes v. Rowe, 449 U.S. 5, 9, 10 (1980); Zhu v. Countrywide
Realty Co., Inc., 160 F.Supp.2d 1210, 1220, FN10 (D.Kan. 2001).

[9]     All Kinnell's complaints against federal judges who have decided his
many lawsuits, including the undersigned, contain no factual allegations
whatsoever showing actual bias, but are based solely upon his disgruntlement with
prior rulings.  Kinnell may not "oust" the judge hearing his case by stating the
judge is a defendant or by filing a conclusory affidavit of prejudice.  His
attempts to amend to add as defendant any judge who makes an unfavorable decision
in his case, are not in good faith, are abusive and malicious, and provide no
grounds for relief from judgment herein.
        In any event, it is well-established that judges are absolutely immune
from liability for damages and other retrospective relief for acts performed in
their judicial capacities and within their jurisdiction.  Stump v. Sparkman, 435
U.S. 349, 356-57 (1978).  No facts are alleged suggesting that acts of the
undersigned judge were taken other than in his judicial capacity and within his
jurisdiction.  Kinnell's bald allegations that this judge is incapacitated and
lacked jurisdiction are completely devoid of any facts.  Kinnell has had an
adequate remedy at law available for challenging this judge's decisions, that of
an appeal.  See Mireles v. Waco, 502 U.S. 9 (1991).

[10]     The fact that a judge has previously rendered a decision against a
party is not sufficient to show bias or prejudice.  U.S. v. Irwin, 561 F.2d 198,
200 (10th Cir. 1977), cert. denied, 434 U.S. 1012 (1978); U.S. v. Goeltz, 513 F.2d
193, 198 (10th Cir. 1975), cert. denied, 423 U.S. 830 (1975).

to again raise habeas corpus claims, and utterly abuses judicial process by improperly interjecting second and successive habeas claims over and over into civil cases and post-judgment motions. The court finds that petitioner knows this court is without jurisdiction to consider his habeas claims further herein, and it would not be in the interest of justice to transfer these claims to the Tenth Circuit for authorization, which has previously been denied.

The court additionally finds that Mr. Kinnell's instant post-judgment filings are a continuation of his established pattern of malicious, abusive, and frivolous litigation. He is therefore warned that should he submit even one more paper herein, which is not in the proper form of a post-judgment motion and based upon appropriate grounds, the court will propose a no-file order in this case.

Furthermore, the court certifies that any appeal of this order filed by Mr. Kinnell that is submitted without prepayment of the full appellate filing fee is not taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). See Coppedge v. United States, 369 U.S. 438, 445 (1962).

**IT IS THEREFORE ORDERED** that all plaintiff's pending post-judgment motions (Docs. 30, 33, 34, 35, 36, and 37) are denied.

**IT IS SO ORDERED.**

Dated this 7th day of April, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge