IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ROLLY O. KINNELL,

                Plaintiff,

        v.                        CASE NO. 07-3241-SAC

BILL CLINTON,
et al.,

                Defendants.

### O R D E R

       Plaintiff's motion to proceed in forma pauperis (IFP) in this action was denied pursuant to 28 U.S.C. § 1915(g) due to his status as a three-strikes litigant. On February 12, 2008, this action was dismissed (Doc. 25) as a consequence of plaintiff's failure to prepay the filing fee as required under 28 U.S.C. § 1914(a). Mr. Kinnell did not appeal the order dismissing this case. This matter is before the court upon more post-judgment filings by plaintiff.

       As noted in its last order, the court finds it questionable that any motion may be filed in this case, which was aborted by plaintiff's failure to pay the filing fee[1]. It is unquestionable that the grounds for any such motion are severely circumscribed. To the extent Mr. Kinnell is asking the court to reconsider its order denying his motion for leave to proceed IFP, including based

---

[1] Unless and until this case has been reopened and the filing fee has been paid, there is no properly opened case in which to file a motion, including plaintiff's affidavits of recusal and to stay proceedings.

upon his oft-repeated and rejected grounds that § 1915(g) is unconstitutional, his motions are denied as untimely. To the extent Kinnell attempts to argue the merits of this or any of his other closed cases or to raise new claims regarding a recent disciplinary incident, the court finds such claims are irrelevant to the determination that this action was properly dismissed for failure to pay the filing fee.

Moreover, Kinnell has been repeatedly informed that claims regarding his state conviction are properly raised only in a habeas corpus petition, and that he has had his "one shot" at federal habeas review. He continues to simply ignore federal law requiring that he obtain prior authorization from the Tenth Circuit to again raise habeas claims, and to utterly abuse judicial process by improperly interjecting second and successive habeas claims over and over into closed civil cases and post-judgment motions. The court finds that petitioner knows this court is without jurisdiction to consider his habeas claims herein, and it would not be in the interest of justice to transfer these claims to the Tenth Circuit for authorization.

Since the aforementioned improper grounds are the only ones presented, it follows that Kinnell's motions contain no proper ground for post-judgment relief in this case. Plaintiff also generally fails to allege any exceptional circumstances that would

entitle him to post-judgment relief[2]. Accordingly, all relief sought in plaintiff's pending motions is denied.

In its Order dated April 7, 2009, this court found that plaintiff's post-judgment motions denied therein were a continuation of his established pattern of malicious, abusive, and frivolous litigation. Mr. Kinnell was notified that if he submitted even one more paper herein, which was not in the proper form of a post-judgment motion and based upon appropriate grounds, the court would propose a no-file order in this case. Plaintiff has submitted not just one, but seven, more malicious, abusive, repetitive, frivolous motions that do not contain any appropriate grounds for post-judgment relief in this case. Thus, to date he has filed fifteen post-judgment pleadings, none of which has presented a viable ground for relief. The court finds that Mr. Kinnell has repeatedly abused judicial process in this case. Attempts to curb his abusive filings with form and content restrictions in other closed cases have been ineffective. As a consequence, the court announces its intention to enjoin Mr. Kinnell from filing any further papers of any kind in this case. The court takes this action in furtherance of its power and duty to manage its own docket and protect limited judicial resources from

---

[2] Plaintiff continues to improperly cite other of his closed cases not only to reargue claims from them but to challenge orders entered therein, and even seeks relief from rulings in other cases. His pleadings are very difficult to understand, partly because he refuses to limit himself to issues in a single case. He has been repeatedly directed to submit pleadings with a single case number only in the caption. He may not avoid the directive that he must file a pleading in each separate case by referring to additional case numbers in the body of a motion.

3

further abuse[3]. Mr. Kinnell is not prevented from proceeding in this court by filing a new action, subject to the "three-strikes" provision for civil rights claims and the "second and successive" limitations on habeas claims, which includes the requirement of Tenth Circuit pre-authorization. Mr. Kinnell is well aware of these statutory restrictions, and should not be allowed to evade them.

Mr. Kinnell will be given ten (10) days to object to this proposed no-file restriction. His objections are limited to five pages including attachments, and may not contain any arguments on his claims in this or his other cases, but may only address the proposed no-file order itself. If no objections are timely filed, or if the objections are improper or without merit, this court will enter an order enjoining Mr. Kinnell from filing any further materials in this case, and direct the clerk to flag this case accordingly and promptly return any and all materials submitted by Mr. Kinnell for filing herein.

Furthermore, the court certifies that any appeal of this order filed by Mr. Kinnell that is submitted without prepayment of the full appellate filing fee is not taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). See Coppedge v. United States, 369 U.S. 438, 445 (1962).

---

[3] Mr. Kinnell repeatedly argues that 28 U.S.C. § 1915(g) discriminates against the indigent prisoner litigant. However, this provision is directed only at the abusive prisoner litigant, which Mr. Kinnell continues to prove himself to be. Indigent prisoner litigants who do not file abusive cases and pleadings continue to enjoy the privilege of proceeding without prepayment of fees.

**IT IS THEREFORE ORDERED** that plaintiff is granted ten (10) days in which to file written objections to the court's proposed order to enjoin him from filing any further materials in this case.

**IT IS SO ORDERED.**

Dated this 14th day of May, 2009, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge